accounted for to warrant the issuing of the usual orders upon said application; that the issuing of such orders could not prejudice the right of any creditor; and that upon hearing, the question could be more fully considered. The court dismissed the application for leave to file the petition, refusing to confirm the report of the register, but allowed a petition for revision to be filed in the circuit court. [See Cases Nos. 17,273 and 17,274.] The petition for review having accordingly been filed, the case came on to be argued.

[John A. Burton, for petitioner, cited In re Greenfield [Cases Nos. 5,774 and 5,775]; In re Canaday [Case No. 2,377]; In re Von Beck [Id. 16,993]; In re Donaldson [Id. 3,-982]; In re W. Pierson [Id. 11,153.] [2]

McKENNAN, Circuit Judge, said that he could not come to the conclusion arrived at by Blatchford, J., in Re Greenfield's Estate [Case No. 5,774]. The language of section 29 of the bankrupt act of 1867 [14 Stat. 531] seemed clearly to imply that the limitation of one year, within which the petition to discharge might be presented, extended to both branches of the alternative.

The petition for review was dismissed, and the cause remanded to the United States district court; which court subsequently allowed the petition to be filed, and granted a rule to show cause, and instructed the bankrupts to insert in the published notices that proceedings would be stayed upon objection of creditors. No creditor having made objection, the rule was made absolute, and the bankrupts finally discharged.

---

WATSON v. The ANGELINA. See Case No. 7,967.

---

## Case No. 17,276.

### WATSON v. BAYLEY.

[2 Cranch, C. C. 67.] [1]

Circuit Court, District of Columbia. Dec. Term, 1812.

EVIDENCE—GAMING DEBT.

The statute of gaming may be given in evidence, upon non assumpsit, without notice.

Assumpsit against the maker of a promissory note.

Upon non assumpsit the defendant offered to prove that the note was given for money won at play.

THE COURT (FITZHUGH, Circuit Judge, absent,) permitted the evidence to be given, without notice.

---

[2] [From 2 Wkly. Notes Cas. 356.]
[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 17,277.

### WATSON v. BLADEN.

[4 Wash. C. C. 580; [1] 1 Robb. Pat. Cas. 510.]

Circuit Court, E. D. Pennsylvania. April Term, 1826.

PATENT FOR INVENTION—USE OF MACHINE.

1. Using a machine with a view to an experiment to test its value, is a using within the sixth section of the patent act.

2. A patent which covers the discovery of another that had been in use, is too broad; and therefore void.

[Cited in Byam v. Bullard, Case No. 2,262; Yoder v. Mills, 25 Fed. 821.]

This was an action for the infringement of a patent granted to E. Treadwell, for an improvement in forming and piercing bread, called by him "a cracker or biscuit finisher." The specification describes the different parts of the machine, amongst which are the circular cutters, the piercers, and the clearers, which cut, pierce, and clear the biscuit at one operation. The plaintiff claims, as assignee of Treadwell, all his right and title to the said invention, so far as the same applies to the city and county of Philadelphia, and to all other cities and towns on the river Delaware, from Chester to Easton, and to Wilmington and Newcastle. Plea, the general issue, with notice of special matter.

The plaintiff proved that the defendant used a machine precisely the same in principle with the one for which he had obtained his patent, and that the invention was highly useful. The defendant, under his notice, gave evidence to show that the plaintiff prepared a drawing of the machine which he contemplated having made, and employed one Tobias Martin, an ingenious and skilful mechanic, to construct it. This person, whose deposition was read, deposed that, after making a model according to the description given by Treadwell, it was found not to answer the intended purpose. That he suggested to Treadwell many improvements and alterations, which, being adopted, rendered the machine effectual. He does not, however, state, with any degree of precision, what were the particular parts which were embodied in the machine in consequence of his suggestions, but he states that he considers himself as being the original inventor, although he knew of Treadwell's intention to take out a patent, and made no objection. The defendant also produced in court a machine, constructed by one Peter Christian, many years prior to Treadwell's patent and invention, for cutting, piercing, and clearing the biscuit at one operation, which all the witnesses skilled in the art declared was in no respect different in principle from Treadwell's; although, being designed to be used by hands,

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]